United States District Court
Southern District of Texas
**ENTERED**
July 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CARLOS EDUARDO VAZQUEZ RODRIGUEZ, | § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-05004 |
| BRET BRADFORD, *et al.*, | § § § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Carlos Eduardo Vazquez's Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response to Habeas Petition and Motion for Summary Judgment (ECF No. 6). For the reasons that follow, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.    BACKGROUND

Respondents did not dispute the following facts. Petitioner is a non-citizen from Mexico who entered the United States without inspection approximately thirty years ago. ECF No. 1 at 12. He has lived continuously within the United States since that time. *Id.* Petitioner is married to a United States citizen, and he and his wife are raising four children, ECF No. 1 at 14. Petitioner's wife filed a Form I-130 Petition for Alien Relative on his behalf, and his petition was approved in 2018. *Id.*

Petitioner was arrested on two prior occasions, ECF No. 6 at 2, one of which resulted in a 2016 conviction for Driving While Intoxicated, ECF No. 11 at 14. Following both arrests,

1 / 4

Petitioner was released on bond by an immigration judge ("IJ"). ECF No. 1 at 15. Petitioner represents that he complied with all conditions of his release. *Id.*

On or about May 22, 2026, Petitioner was arrested and charged with Driving While Intoxicated and with an open container violation. *Id.* Three days later, he was transferred to the custody of Immigration and Customs Enforcement ("ICE"). *Id.* Petitioner is now detained at the Joe Corley Processing Center in Conroe, Texas. *Id.* The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## II.    ANALYSIS

Petitioner argues that his re-detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address the additional reasons that Petitioner believes his continued detention is unlawful.

The Court recently addressed a similar set of circumstances in *Betancourth v. Tate, et al.*, 822 F.Supp.3d 762 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 822 F.Supp.3d at *767-71; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003). *See Betancourth*, 822 F.Supp.3d at 766-767. The Court sees no reason to reach a different result in this case. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

2 / 4

### III.    RELIEF

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his most recent order of release.

2. Respondents must release Petitioner in a public place within the Southern District of Texas and must notify Petitioner's counsel **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before July 6, 2026,** informing the Court of the status of Petitioner's release and Respondents' compliance with the notification and return of personal property requirements outlined above.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before July 17, 2026.**

Signed at Houston, Texas on this the 2nd day of July, 2026.

_____
Keith P. Ellison
United States District Judge